**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | **CIVIL ACTION NO.: 2:17-CV-01251** |
| v. | : : : | |
| NORFOLK SOUTHERN CORPORATION AND NORFOLK SOUTHERN RAILWAY COMPANY, | : : : : | |
| Defendants. | : : | |

## CONSENT DECREE

1.     This action was instituted by the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively, "Norfolk Southern") pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*. (hereinafter "ADA"). Norfolk Southern denied the EEOC's allegations, and there has been no adjudication of the ADA liability issues in this action.

2.     In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereinafter "Decree"). This Decree fully and finally resolves any and all claims set forth in the Amended Complaint in this action.  However, this waiver and release of certain EEOC ADA claims shall not be construed to impair or affect EEOC authority and remedies concerning any claims that are presently or will in the future be under investigation or otherwise pending before EEOC.

## FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

(a)      This Court has jurisdiction over the subject matter of this action and over the parties to this action, as some of the employment practices alleged to be unlawful in the Amended Complaint filed herein occurred within the jurisdiction of the Western District of Pennsylvania.

(b)      The terms of this Decree are adequate, fair, reasonable, equitable, and just and are in the best interests of the parties, the aggrieved persons who are the subject of this litigation, and the public.

(c)      This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA. Nothing in this Decree requires Norfolk Southern to violate the ADA or any other applicable law, violate any existing collective bargaining agreement, or waive any privilege or other immunity from disclosure.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## DEFINITIONS

4.      "Claimant" refers to the following individuals for whom the EEOC seeks relief in this lawsuit: Jacob Adams, Theodore Benscoter, David Bentley, Jessie Blankenship, Larry Bowles, Brian Burns, William Cardwell, Michael Davis, Enrique Dominguez, Zenas Dowdell, Richard Ford, Patric Fox, Patrick Frazier, Robert Garrity, James Gauthier, Joseph Hayden, Matthew Kelley, Cody Kosman, Christopher Kososki, Nathan Krug, Robert Lee, Randy Nosal, Shawn Pensyl, Jason Phipps, Matthew Pies, Rashad Robinson, Jonathan Ryan, John

Rymarowicz, Philip Tyson, Joseph Villinger, Terry Vogel, Ivory West, Michael Whalen,

Anthony Wooten, Robert Workman, Adam Worthing, and Noah Wright.

5.      "Effective Date" means that date on which this Decree is entered by the Court.

6.      "Health Services" means any current or future organizational

component of Norfolk Southern that conducts medical evaluation of job applicants and/or

employees to determine whether such persons can safely perform essential job functions, pose a

direct threat, and/or should be medically disqualified from a position.

7.      "Scope of Litigation Medical Conditions" means the following medical

conditions: non-paralytic orthopedic impairments, cardiovascular and cardiopulmonary

impairments, diabetes, arthritis, past drug addiction and treatment, cancer and related medical

treatment, post-traumatic stress disorder, and insomnia.

8.      "Scope of Litigation Positions" means the following jobs: Conductor, Signal

Trainee, Machinist, Electrician, Fireman & Oiler, Freight Car Repair, Heavy Equipment

Mechanic, Locomotive Painter, Human Resources Summer Intern, Management Trainee -

Maintenance of Way, Forklift Mechanic, and Track Laborer.

## ADA COMPLIANCE

9.      During the operation of this Decree, Norfolk Southern, its managers, officers,

agents, and any other person or entity acting on behalf of Norfolk Southern shall not unlawfully

refuse to consider or otherwise unlawfully deny employment opportunities to any qualified

applicant or employee with a disability for a Scope of Litigation Position because of one or more

Scope of Litigation Medical Condition.

10.     During the operation of this Decree, Norfolk Southern, its managers, officers,

agents, and any other person or entity acting on behalf of Norfolk Southern shall not  subject any

applicant or employee to retaliation because such individual has exercised or enjoyed any rights

protected by the ADA, or aided or encouraged another person in the exercise or enjoyment of any rights protected by the ADA, both in connection with a Scope of Litigation Position and one or more Scope of Litigation Medical Condition.

## NO ADMISSION OF LIABILITY

11.     Neither this Decree nor any order approving this Decree is or shall be construed as an admission by Norfolk Southern of the truth of any allegation or the validity of any allegation asserted in this civil action, or any of the underlying Charges of Discrimination, or of Norfolk Southern's liability therefor, nor as a concession or an admission of any fault or omission or of any act or failure to act by Norfolk Southern. This Decree was entered into for settlement purposes only, and shall not be construed by anyone for any purpose whatsoever as an admission or presumption of any wrongdoing on the part of Norfolk Southern, nor as an admission by any party to this Decree that the consideration to be given hereunder represents the relief which could have been recovered after trial.

## CLAIMANT MONETARY RELIEF

12.     Norfolk Southern shall pay monetary relief in the total gross amount of Two million, five hundred thousand dollars ($2,500,000), which shall constitute back pay and compensatory and other statutory damages available pursuant to 42 U.S.C. Sect. 12117(a) and shall be allocated among the Claimants in amounts set forth in Exhibit A.

13.     As a precondition to Norfolk Southern's payment to each Claimant, EEOC shall provide the following information concerning each Claimant: (a) the Claimant's residential address; (b) the amount of monetary relief to be paid by Norfolk Southern to the Claimant and the categorization of such monetary relief (e.g., back pay, damages); (c) an IRS Form W4 executed by each claimant receiving back pay, a previously agreed upon form for 1099 purposes executed by each claimant receiving compensatory and other statutory damages available

4

pursuant to 42 U.S.C. Sect. 12117(a), or other information necessary to make payroll tax withholdings required by law or to comply with income tax law requirements; and (d) an executed Release of Claims in the form attached as Exhibit B to this Agreement.

14.     Within sixty (60) calendar days of Norfolk Southern's receipt, through their counsel of record, of all necessary information described in the preceding Paragraph, Norfolk Southern shall pay the monetary relief determined by EEOC to the identified Claimants. Payment to each Claimant of any amount designated by EEOC as back pay shall be made by a single check, and payment to each Claimant of any amount designated by EEOC as compensatory damages or other statutory damages available pursuant to 42 U.S.C. Sect. 12117(a) shall be made by separate check that does not contain any amounts designated as back pay. Each payment shall be accompanied by a written description of the type and amount of all required payroll tax withholdings, and shall be delivered by certified mail with return receipt or express overnight mail at the addresses provided by the EEOC.

15.     Norfolk Southern shall withhold all applicable payroll tax amounts required by law, as well as amounts that Norfolk Southern is required by law to withhold from wages pursuant to a lien, from the amounts payable to Claimants as back pay. Norfolk Southern shall be responsible for paying the employer's share of payroll tax liability required by law.

16.     Within seven (7) calendar days of delivery of the payments described in **Paragraph 14**, Norfolk Southern shall send to the Commission photocopies of the checks payable to the Claimants, along with proof that the checks were sent via certified mail or overnight mail delivery.

17.     In the event that Norfolk Southern is unable to successfully make delivery of one or more of the monetary relief checks required to be delivered by **Paragraph 14** above, Norfolk Southern shall promptly notify the Commission of that fact.

18.     At the time such tax documents are issued to other employees, Norfolk Southern shall issue to Claimants an IRS Form W-2 for the monetary relief amount constituting back pay, and an IRS Form 1099-Misc for the monetary relief amounts constituting compensatory damages and other statutory damages available pursuant to 42 U.S.C. Sect. 12117(a).

## POLICIES AND PROCEDURES

19.     Within one hundred eighty (180) calendar days of the Effective Date and throughout the duration of this Decree, Norfolk Southern shall create and implement policies and procedures to carry out the requirements of this Decree. In addition, such policies and procedures shall include the following provisions:

(a)     Norfolk Southern shall maintain and adhere to a policy instructing their personnel to conduct an individualized assessment of an applicant's or employee's ability to perform the essential functions of the job at issue, as required by the ADA.

(b)     Norfolk Southern's policy shall provide that if an applicant or employee is determined to pose a direct threat when performing the essential functions of the job at issue, Norfolk Southern's personnel shall be instructed to document the duty or duties impacted and the specific risks present in the situation.

(c)     Procedures that require Norfolk Southern's Health Services to request additional information on its own initiative, including additional medical records, if, in the exercise of reasonable care under such circumstances, such information is relevant and necessary to make an accurate determination of whether a direct

threat exists warranting disqualification or whether one or more reasonable accommodations can be made to eliminate such direct threat or reduce such direct threat to an acceptable level of risk.

20.     Within sixty (60) days of the Effective Date, Norfolk Southern shall propose a third-party occupational medicine expert with Department of Transportation or rail industry expertise to conduct a review of any medical guidelines pertaining to medical disqualification. The EEOC shall have fifteen (15) days from the proposal to approve or reject the proposed occupational medicine expert. If the EEOC rejects the proposed expert, Norfolk Southern shall have sixty (60) days to propose an alternate expert, and the EEOC shall have fifteen (15) days to approve or reject the alternate expert. This process shall continue until the Parties have an approved expert. The expert shall have sixty (60) days from approval by the EEOC to review the medical guidelines required by this Decree to assess whether such medical guidelines comport with the best practices and generally accepted standards of care in the field of occupational medicine and the bona fide occupational qualifications for Scope of Litigation Positions and Scope of Litigation Medical Conditions. Within thirty (30) days following the review period, the expert shall prepare a report of the review conducted pursuant to this Paragraph, with any recommendations for revisions to the policies and procedures, and she/he/they shall deliver the report to Norfolk Southern. Norfolk Southern shall bear the cost of the expert review and report in this Paragraph.  Norfolk Southern shall have sixty (60) days from receipt of the expert's report to notify EEOC of any recommendations of the expert that Norfolk Southern will implement, as well as any recommendations that Norfolk Southern will not implement (which will not automatically be deemed a breach of this Decree), including an explanation of the reason(s) for non-implementation.  If after review of Norfolk Southern's notification that it will not implement

7

a particular recommendation, upon a request from EEOC, Norfolk Southern shall promptly

provide that portion of the expert's report that pertains to the recommendation that will not be

implemented, provided that any portions of the report that are provided to the EEOC will be

subject to the requirements of the Stipulated Order Regarding Confidentiality of Discovery

Material entered by the Court on December 20, 2018 in this action (ECF No. 56).

## INTERNAL COMPLIANCE MONITORING

21.     Within sixty (60) calendar days of the Effective Date, Norfolk Southern shall

designate an Internal Compliance Monitor ("ICM").  The ICM shall be a management official

and licensed attorney in Norfolk Southern's human resources or legal department who shall

possess the knowledge, capability, organizational authority, and resources to monitor and ensure

Norfolk Southern's compliance with the terms of the Decree.

22.     The Parties expressly acknowledge that the ICM is an attorney that works for

Norfolk Southern and may be party to attorney-client communications or may create or receive

attorney work product. Nothing in this Decree constitutes a waiver of any applicable evidentiary

privileges or immunities from discovery, or any argument regarding the applicability of such

privileges or immunities, that concern attorney-client communications or attorney-generated

materials, and no provision in the Decree be used to authorize or compel disclosure of

information that is privileged or otherwise immune from disclosure.

23.     The ICM shall read this Decree in its entirety and shall be responsible to

understand its terms. Norfolk Southern shall ensure that the ICM receives any training and

assistance necessary to carry out her/his/their duties described in this Decree.

24.     For the duration of this Decree, all proposed medical disqualifications related to

Scope of Litigation Positions and based upon one or more Scope of Litigation Medical

Conditions shall be referred to the ICM, and prior to implementation of the proposed medical

disqualification decisions the ICM shall advise Norfolk Southern's Health Services concerning those proposed decisions as they relate to relevant prohibitions and requirements of the ADA. The ICM shall possess the authority to require Norfolk Southern's Health Services to answer any questions and provide any documents to allow the ICM to conduct a review of a medical disqualification decision.

25.     Norfolk Southern shall provide written notice to EEOC within ninety (90) days of the Effective Date of the ICM's full name, job title, work experience, and education/training history.  In the event that the ICM vacates the role, Norfolk Southern will designate a successor within sixty (60) days and provide written notice to EEOC within ten (10) days of the designation.

## ADA TRAINING

26.     Norfolk Southern shall provide at least two (2) hours of training to all current employees in the medical or human resources department with responsibility for making medical qualification decisions, making or implementing policies or procedures concerning medical examinations and inquiries, assessing whether a reasonable accommodation is available or acting on requests for reasonable accommodation, and/or investigating complaints of discrimination, related to Scope of Litigation Positions.

27.     The specified employees shall be trained regarding:

(a)     General requirements of the ADA, including:

(i)      the duty to accommodate employees under the ADA;

(ii)     the ADA's prohibition of criteria that screen out or tend to screen out persons with a disability and that are not job related or consistent with business necessity;

(iii)    the misperceptions and myths surrounding impairments and workplace risks;

(iv)    the duty to conduct an individualized assessment, as required by the ADA, of each employee or applicant in determining their eligibility for hire or continued employment, with consideration of the information specified in 29 C.F.R. §§ 1630.2 et seq., including § 1630.2(r), such as: (A) the duration of the risk of potential harm; (B) the nature and severity of the potential harm; (C) the likelihood that the potential harm will occur; and (D) and the imminence of the potential harm.

(b)    Policies and procedures specific to Norfolk Southern, including specific information related to Scope of Litigation Positions, such as:

(i)    the essential functions of the positions;

(ii)    the types of reasonable accommodations that may allow individuals in those positions to perform the essential functions of the job;

(iii)    Norfolk Southern's policy governing direct threat assessment or whether safety risk-based disqualification is job-related and consistent with business necessity,

(iv)    When to consult with the applicant's or employee's treating physician or provider, or an independent medical evaluator when such consultation is reasonably warranted under the circumstances, and reasonable procedures for providing to such persons relevant information about essential functions of the job at issue;

(v)     Considerations arising from an individual's use of lawfully prescribed medication, such as the type of medication, the medical condition for which the medication has been prescribed, the dosage, any interaction of the medication with other prescribed medications; and the actual effect of taking the medication on the individual applicant or employee, including the individual's history of tolerance in taking the medication;

(vi)    When Health Services should request additional information, or communicate with other Norfolk Southern functions, to obtain information relevant and necessary to make an accurate determination of whether a medical condition-related safety risk exists warranting disqualification or suspension or whether one or more reasonable accommodations can be made to eliminate such risk or reduce such risk to an acceptable level;

(vii)   When and how to provide applicants and employees reasonable notice of the basis for a medical disqualification or suspension;

(viii)  How to document those instances when an applicant or employee is determined to be disqualified from a position due to medical condition-related safety risk if/when performing the essential functions of the job at issue, including (A) a reasonably specific description of the safety risk that Norfolk Southern has determined exists and identification of the particular essential function(s) the employee or applicant is unable to perform without posing a risk, (B) identification of any medical or safety standard specific to the medical condition at issue that forms the basis for the

conclusion that the person poses a safety risk, and (C) identification by name and title any person consulted concerning whether reasonable accommodation was available to reduce or eliminate the threat.

28.     The first training shall take place within one hundred eighty (180) calendar days of the Effective Date and shall be presented to all reasonably available attendees in-person.   In consideration of current and potential future public health circumstances, Norfolk Southern shall be authorized to present the live training via video-conference or webinar in lieu of in-person training.  A video-recorded version of that initial training will be shown to any new hires in such positions within thirty (30) days of the start of their employment, along with the name and contact information of one or more persons who are available to answer any questions they may have about the training.

29.     Norfolk Southern shall provide written certification to the Commission within thirty (30) days following completion of the initial training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and an outline of the training topics. Thirty (30) days before the expiration of the Decree, Norfolk Southern shall provide to the EEOC a supplemental report identifying the names and job titles of any individuals attending the video recorded training session described in the preceding paragraph.

30.     All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded in a manner described in **Paragraph 42**.

## REPORTS TO THE EEOC

31.     Within one hundred eighty (180) days of the Effective Date, Norfolk Southern shall submit a written report to the EEOC listing information regarding each applicant or employee who, since the Effective Date, was medically disqualified from a Scope of Litigation

Position because of a Scope of Litigation Medical Condition. Each report shall include, (a) the Scope of Litigation Position from which the applicant or employee was medically disqualified; (b) the facility at which the job was located; (c) the specific Scope of Litigation Medical Condition that caused the disqualification; (d) the date of disqualification; (e) a summary description of the reason(s) for the medical disqualification; (g) a summary description of the direct threat, if any, posed by the individual; (h) a summary description of any reasonable accommodations considered and rejected by Norfolk Southern; and (i) the name and title of the individual(s) who made the disqualification decision.

32.     Upon written request by the Commission, Norfolk Southern shall produce (a) a listing of the full name, last known residence address, and last known residence telephone or cell phone number, of the applicant or employee who was medically disqualified; and (b) any non-privileged documents that are relevant to the subject matter of the report required by this Paragraph.  Norfolk Southern shall make such production not later than thirty (30) days after Norfolk Southern's receipt (via their counsel of record) of the Commission's written request.  In the event that the Parties have a dispute concerning Norfolk Southern's duty to produce records pursuant to this Paragraph, EEOC shall use the procedure set forth in Paragraph 34, below. Norfolk Southern shall not be required to produce documents in response to any such request if they are subject to an evidentiary privilege under controlling law, are irrelevant, or to the extent their production would be unduly burdensome.   Notwithstanding whether production is ordered by the Court, an initial, good faith objection to the EEOC request and failure to produce on the aforementioned legal grounds shall not constitute a violation of this Decree.

## **DISPUTE RESOLUTION**

33.     This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree.

34.     If the EEOC has reason to believe that Norfolk Southern is not complying with this Decree, the Commission shall notify Norfolk Southern, in writing, of the alleged non-compliance.  Upon receipt of written notice, Norfolk Southern shall have sixty (60) days either to correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance, in writing;

     a.     If the parties cannot resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

     b.     Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such action; and

     c.     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

35.     Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.

**DURATION AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION**

36.     This Decree shall continue to be effective and binding upon the parties to this action for a period of two and a half (2.5) years immediately following the Effective Date, provided that all remedial benefits required hereby have been received or offered prior to its expiration, and provided further that all required reports and certifications are submitted at least thirty (30) calendar days before the expiration date of the Decree. If required reports are not submitted within thirty (30) calendar days of the expiration date or if the remedial provisions are not complete, those portions of the Decree that have not been completed will be automatically extended until these provisions are completed.

37.     This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Decree and for any other appropriate or equitable purposes for two and a half

years from the Effective Date, unless the Court acts or the Commission has, prior to the expiration of said two and a half years, moved to enforce compliance with the Decree. If the Court acts or the Commission has moved to enforce compliance with this Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions that are made during the two and half year period have been resolved. At the expiration of the two and a half year period following the Effective Date, if all obligations have been performed by the parties under this Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal of this case with prejudice.

38.     Notwithstanding anything to the contrary in this Decree, all provisions of this Decree shall apply only to the positions held by the Claimants (Conductor, Signal Trainee, Machinist, Electrician, Fireman & Oiler, Freight Car Repair, Heavy Equipment Mechanic, Locomotive Painter, Human Resources Summer Intern, Management Trainee - Maintenance of Way, Forklift Mechanic and Track Laborer) with the medical conditions (non-paralytic orthopedic impairments, cardiovascular and cardiopulmonary impairments, diabetes, arthritis, past drug addiction and treatment, cancer and related medical treatments, post-traumatic stress disorder, and insomnia) of the Claimants in this case.

## MISCELLANEOUS PROVISIONS

39.     Each party to this Decree shall bear its own expenses, attorney's fees, and costs for this action.

40.     The provisions of this Decree shall be binding upon the present and future owners, partners, directors, officers, managers, agents, successors and assigns of Norfolk Southern. Norfolk Southern, and any successor(s) of Norfolk Southern, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Norfolk Southern, or any successor of Norfolk Southern, prior to the effectiveness of any such acquisition

or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of a violation of this Decree.

41.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

42.     When this Decree requires the submission by Norfolk Southern of reports, certifications, notices, or other materials to the EEOC, they shall be emailed or mailed to: U.S. Equal Employment Opportunity Commission, Baltimore Field Office, c/o Ronald L. Phillips, Supervisory Trial Attorney, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, MD 21201, or ronald.phillips@EEOC.gov.

43.     This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Norfolk Southern and the EEOC and approved by the Court.

44.     This Decree may be executed in counterparts.

45.     The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Decree.

[remainder of page intentionally left blank]

**APPROVED BY:**

**FOR DEFENDANTS NORFOLK SOUTHERN CORPORATION AND NORFOLK SOUTHERN RAILWAY COMPANY:**

_(signature)_

Christopher J. DeGroff
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, IL 60606
Phone: (312) 460-5000
cdegroff@seyfarth.com

_Counsel for Defendants_

Dated:  07/21/2020

_(signature block)_
Lou J Klein
For Norfolk Southern
Dated: July 19 2020

**FOR THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

**SHARON FAST GUSTAFSON**
**GENERAL COUNSEL**

**GWENDOLYN YOUNG REAMS**
**ASSOCIATE GENERAL COUNSEL**

_(signature)_ Debra M. Lawrence     By R.L.P.
For
Authorization

**DEBRA M. LAWRENCE**
**REGIONAL ATTORNEY**

Dated: 7/21/2020

_(signature)_

**RONALD L. PHILLIPS**
**SUPERVISORY TRIAL ATTORNEY**
U.S. Equal Employment Opportunity
Commission – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Telephone: (410) 801-6714
Email: ronald.phillips@eeoc.gov

Dated: 7/21/2020

_(signature)_ Catherine N. Sellers     By
R.L.P.
Per
Authorization

**CATHERINE N. SELLERS**
**SENIOR TRIAL ATTORNEY**
U.S. Equal Employment Opportunity
Commission – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Telephone: (410) 801-6722
Email: catherine.sellers@eeoc.gov

Dated: 7/21/2020

17

*Gregory A. Murray*                         By R.J.S.
                                            PER
                                            AUTHORIZATION

**GREGORY A. MURRAY**
**SENIOR TRIAL ATTORNEY**
U.S. Equal Employment Opportunity
Commission – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone: (412) 588-6907
Email: gregory.murray@eeoc.gov

Dated: _7/21/2020_


**IT IS SO ORDERED:**


Dated: _____         _____
                                **HONORABLE PATRICIA L. DODGE**
                                **United States Magistrate Judge**

18

# EXHIBIT A

| Claimant Name | Back pay | Compensatory and Other statutory damages available pursuant to 42 U.S.C. Sect. 12117(a) |
|---|---|---|
| Jacob Adams | $23,735.39 | $47,169.45 |
| Theodore Benscoter | $11,070.71 | $14,368.50 |
| David Bentley | $54,274.22 | $20,000.00 |
| Jessie Blankenship | $88,380.01 | $44,000.00 |
| Larry Bowles | $3232.43 | $16,252.14 |
| Brian Burns | $14,370.90 | $14,441.99 |
| William Cardwell | $54,264.39 | $65,804.28 |
| Michael Davis | $13,876.66 | $18,601.43 |
| Enrique Dominguez | $38,754.09 | $30,969.00 |
| Zenas Dowdell | $6256.12 | $15,000.00 |
| Richard Ford | $49,344.38 | $30,133.65 |
| Patric Fox | $56,519.33 | $28,000.00 |
| Patrick Frazier | $2504.00 | $22,922.05 |
| Robert Garrity | $39,786.47 | $22,561.86 |
| James Gauthier | $12,537.50 | $17,823.32 |
| Joseph Hayden | $38,688.60 | $14,133.66 |
| Matthew Kelley | $51,761.71 | $30,100.24 |
| Cody Kosman | $22,581.15 | $17,440.57 |
| Christopher Kososki | none | $16,500.00 |
| Nathan Krug | $37,479.14 | $28,267.31 |
| Robert Lee | $6335.00 | $15,000.00 |
| Randy Nosal | $40,241.39 | $26,857.60 |

| | | |
|---|---|---|
| Shawn Pensyl | **$9321.25** | **$11,000.00** |
| Jason Phipps | **$44,857.33** | **$65,457.19** |
| Matthew Pies | **$74,260.76** | **$42,133.65** |
| Rashad Robinson | **$114,272.83** | **$86,196.94** |
| Jonathan Ryan | **$132,458.97** | **$64,344.62** |
| John Rymarowicz | **$14,490.93** | **$14,440.63** |
| Philip Tyson | **$15,597.64** | **$21,671.38** |
| Joseph Villinger | **$36,078.72** | **$36,764.81** |
| Terry Vogel | **$12,797.47** | **$27,118.44** |
| Ivory West | **$22,330.21** | **$27,229.91** |
| Michael Whalen | **$2833.01** | **$16,326.04** |
| Anthony Wooten | **$60,750.98** | **$38,267.30** |
| Robert Workman | **$67,513.26** | **$52,088.95** |
| Adam Worthing | **$67,833.84** | **$53,847.73** |
| Noah Wright | **$18,218.21** | **$27,156.36** |

# EXHIBIT B

## <u>ADA CLAIM RELEASE AND WAIVER</u>

Pursuant to the Consent Decree entered in the matter of *U.S. EEOC v. Norfolk Southern*

*Corporation, et al.*, Civil Action No. 2:17-cv-01251, in the United States District Court for the

Western District of Pennsylvania (the "EEOC lawsuit"), and in exchange for payment of

_____ ($_____), less applicable withholdings, I,

_____ agree to release Norfolk Southern Corporation, Norfolk Southern

Railway Company and their successors and assigns from any claim of discrimination that I may

have under the Americans with Disabilities Act, as amended ("ADA") and that is included in the

Amended Complaint filed by the U.S. Equal Employment Opportunity Commission in the EEOC

Lawsuit and that arose prior to entry of the Consent Decree.


_____            _____
Date                                          Name